IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JONATHAN DANIEL CLEMENTS                                                         PLAINTIFF

    v.                         CIVIL NO. 2:25-cv-02145-TLB

THE STATE OF ARKANSAS;
THE UNITED STATES FEDERAL GOVERNMENT; and
INTERNATIONAL GOVERNMENTS AND
RELIGIOUS BODIES                                                                 DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Jonathan Clements ("Clements"), filed this action against the Defendants alleging violations of 42 U.S.C. § 1983; Articles 3 and 147 of the Geneva Conventions; Article 17 of the UN Covenant on Civil and Political Rights; the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968; and trust law. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915(e)(2). Under this provision, the Court is required to screen any complaint in which a Plaintiff seeks to proceed *in forma pauperis*.

### I.     Background

Clements brings this suit as sovereign executor of the ECC-Trust-JDC-005 ("trust"), an ecclesiastical sovereign trust established on August 11, 2025. (ECF No. 1). By allegedly placing a copy of trust documents on file with the Greenwood District Court, he believes the trust establishes an ecclesiastical sanctuary that is outside the jurisdiction of both state and federal

agencies. Further, as a domicile of said trust, Clements maintains that he is a foreign national, untouchable by the government.

On October 18, 2025, the Sebastian County District Court issued a failure to appear warrant in a case Clements contends was "previously covered and jurisdictionally absorbed into the trust and rebutted by unrefuted ecclesiastical filings." That same day, a 2010 Chrysler Sebring ("the vehicle") was absorbed into the trust and declared spiritual property. Shortly thereafter, the rear window of the Sebring was smashed while sitting at Clements' residence.

On October 20, Booneville Police Department stopped and cited Clements for unsafe/obstructed view due to the rear windshield damage, no vehicle license, and no proof of insurance. Clements contends, however, the vehicle was insured, and that proof of said insurance was included in the trust paperwork filed on October 18.

After learning of Clements' outstanding warrant, the officer arrested him and impounded the car. While he was incarcerated, police vehicles were reportedly seen circling his residence, despite signage clearly marking the area as a sanctuary and posted under ecclesiastical protection notices. Knowing Clements was not at home, he stated that a Logan County detective ultimately knocked on the residence door and spoke to his mother about recent vehicle vandalism in the area.

On October 26, under protest and to avoid further harm to the trust property, Clements paid the impound fees and reclaimed the vehicle. Five days later, the District Clerk issued a written statement indicating the trust was never filed of record.

Clements insists that the vehicle was covered under a 12-month policy issued on October 20, 2025, and he avers that proof of insurance was filed with the vehicle's trust documents on October 18. Therefore, he contends the Defendants acted in concert to violate his property rights under ecclesiastical jurisdiction; commit forgery and tampering of court-stamped documents;

unlawfully stack citations against him; have a warrant issued without jurisdictional authority; impersonate ICE; falsely imprison him; illegally seize the vehicle; threat, surveil, and coerce sacred family and beneficiaries; and remove lodged court filings.

## II. Legal Standard

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). The complaint must, however, still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.     Discussion

Plaintiff's claims are subject to dismissal because they are based solely on sovereign citizen ideology and principles. It is well-established in the Eighth Circuit that claims based on sovereign citizen ideology are inherently frivolous and should be summarily dismissed as a waste of judicial resources. *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992) (holding the sovereign citizen issues in the case "are completely without merit, patently frivolous, and will be rejected without expending any more of this Court's resources on their discussion."); *United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983) (rejecting "sovereign citizen" as a status); *Meyer v. Pfeifle*, No. 4:18-CV-04048, 2019 WL 1209776, at *5 (D.S.D. Mar. 14, 2019), *aff'd,* 790 Fed. App'x 843 (8th Cir. 2020) ("[plaintiff's] allegations regarding rights as a 'sovereign citizen' are frivolous and fail to state a claim"); *King v. Turnbull*, No. 4:21CV3003, 2021 WL 1293307, at *2 (D. Neb. Apr. 7, 2021) (claim that Nebraska statutes and laws do not apply to a sovereign citizen dismissed as frivolous); *Engel v. Corizon*, No. 4:20-CV-1744-HEA, 2021 WL 1105351, at *3 (E.D. Mo. Mar. 23, 2021) ("Arguments based upon sovereign citizen ideology have been summarily rejected as frivolous and irrational in this Circuit and in other federal courts around the nation."); *U.S. v. Mooney*, No. 16-CV-2547 (SRN/LIB), 2017 WL 2352002, at *3 (D. Minn. May 31, 2017) (noting sovereign citizen "arguments have been thoroughly and consistently rejected by courts throughout this country"); *see also United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (recommending that sovereign citizen arguments "be rejected summarily, however they are presented"); *Haywood v. Texas Realator*, No. 3:22-CV-02174-K-BT, 2023 WL 5597346, at *3 (N.D. Tex. Aug. 7, 2023), *report and recommendation adopted*, No. 3:22-CV-02174-K-BT, 2023 WL 5604130 (N.D. Tex. Aug. 29, 2023) (sovereign citizens "cannot claim to be sovereigns

4

independent of governmental authority while they simultaneously ask the judicial system to grant them recourse").

Plaintiff's Complaint is clearly based on sovereign citizen ideology and principles. As such, his claims are inherently frivolous and should be summarily dismissed as a waste of judicial resources.

### IV.   Conclusion

Accordingly, it is RECOMMENDED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) be **DENIED** and his Complaint dismissed.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 20th day of November 2025.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE