IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JONATHAN DANIEL CLEMENTS                                                                    PLAINTIFF

      v.                              CIVIL NO. 2:25-cv-02145-TLB

THE STATE OF ARKANSAS;
THE UNITED STATES FEDERAL GOVERNMENT; and
INTERNATIONAL GOVERNMENTS AND
RELIGIOUS BODIES                                                                            DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the Court is Plaintiff's Application to Proceed In Forma Pauperis on appeal. (ECF No. 13, pp. 2-3; ECF No. 14). The matter was referred to the undersigned on December 15, 2025.

Plaintiff, Jonathan Clements ("Clements"), filed this action against the Defendants alleging violations of 42 U.S.C. § 1983; Articles 3 and 147 of the Geneva Conventions; Article 17 of the UN Covenant on Civil and Political Rights; the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968; and trust law. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, Chief United States District Judge, referred the case to the undersigned for preservice screening pursuant to 28 U.S.C. § 1915(e)(2). Under this provision, the Court is required to screen any complaint in which a Plaintiff seeks to proceed in forma pauperis. On November 20, 2025, the undersigned filed a Report and Recommendation finding that Plaintiff's Complaint asserted claims based on sovereign citizen ideology and principles, and as such, his claims were inherently frivolous and subject to summary dismissal. (ECF No. 6). Plaintiff filed his 173-page (plus exhibits) Objection to the Report and Recommendation on November 24, 2025. (ECF No. 7). On December 1, 2025, the Court entered

1

its Order adopting the Report and Recommendation in full, denying Plaintiff's application to proceed in forma pauperis, and dismissing Plaintiff's Complaint without prejudice. (ECF No. 8). On December 3, 2025, Plaintiff moved to reopen his case (ECF No. 9), and the motion to reopen was denied on the same date. (ECF No. 11). Plaintiff then filed his Notice of Appeal on December 15, 2025, along with his Application to Proceed In Forma Pauperis on appeal. (ECF Nos. 13, 14).

For the reasons and upon the authorities discussed in the screening Report and Recommendation, and after de novo consideration of Plaintiff's objections to the Report and Recommendation, Plaintiff's Complaint was dismissed without prejudice as frivolous. Plaintiff now states that his appeal is taken in good faith and is not frivolous, seeking to challenge whether this Court: (a) erred in characterizing Plaintiff's filings as "sovereign citizen ideology" and dismissing his action as frivolous without addressing his specific constitutional and statutory claims; (b) erred in failing to conduct a de novo review of his detailed objections to the Report and Recommendation; (c) abused its discretion by dismissing the case without analyzing his individual causes of action, and without granting leave to amend; and (d) erred in the handling and classification of certain filings.

Plaintiffs' Notice of Appeal and Application to Proceed In Forma Pauperis on appeal adds nothing new to the legal analysis. He has not cited any legal authority pertinent to § 1983 actions to support his allegations. Vague and conclusory allegations are frivolous on their face and leave to proceed in forma pauperis has been properly denied in such circumstances. *See, e.g., Green v. White*, 616 F.2d 1054, 1055 (8th Cir. 1980); *Meadows v. Gibson*, 855 F.Supp. 223 (W.D.Tenn. 1994) (frivolousness of complaint precluded appeal in forma pauperis); *Price v. McFarland*, 133 Fed.Appx. 485 (10th Cir. 2005) (unpublished) (denial of leave to proceed on appeal in forma pauperis where plaintiffs made sweeping generalizations to describe their claims and they failed

to set forth any specific, non-conclusory arguments explaining why the district court's rulings were erroneous).

Accordingly, it is RECOMMENDED that Plaintiffs' Application to Proceed In Forma Pauperis on Appeal (ECF No. 14) be **DENIED**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 30th day of December 2025.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE